UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRINITY YACHTS, INC. | CIVIL ACTION |
| VERSUS | NO.  04-2247 |
| TEIGNBRIDGE PROPELLERS, INC. AND<br>TEIGNBRIDGE PROPELLERS, LIMITED | SECTION "A"(2) |

## ORDER AND REASONS

Before this Court is a **Motion for Partial Summary Judgment (Rec. Doc. 30)** filed by

defendants Teignbridge Propellers, Inc. (hereinafter "Teignbridge US") and Teignbridge

Propellers Limited (hereinafter "Teignbridge UK") (collectively referred to as "Teignbridge").

No opposition has been filed by Plaintiff.[1]  The motion, set for hearing on May 31, 2006, is

before the Court on the briefs without oral argument.  For the reasons stated herein, Defendants'

motion is **GRANTED**.

## I. FACTUAL BACKGROUND

The instant litigation is related to Trinity's purchase of custom-built propellers from

Teignbridge.  Trinity is a New Orleans-based shipbuilder that constructs "superyachts" using

custom-built components, such as the propellers that are the subject of this litigation.  In its

communication with Teignbridge, Trinity dealt solely with Teignbridge US, which is based in

---

[1] The opposition was due eight days prior to the hearing day.  See Local Rule 7.5E.

Oregon.  Nonetheless, Trinity was fully aware that the propellers were to be manufactured in England (by Teignbridge UK) and subsequently shipped to Louisiana.

Teignbridge's custom-built propellers were ordered for three Trinity vessels, which are identified by hull numbers during construction (*e.g.*, Hull No. T-024).  The three vessels relevant to this litigation are T-024, T-025, and T-027.  T-024 is a 142-foot tri-deck motor yacht that was designed with 48-inch diameter propellers.  T-025 is also a 142-foot tri-deck motor yacht, which was designed with 54-inch diameter propellers.  Finally, T-027 is a 180-foot motor vessel that was designed with 66-inch diameter propellers.

In May 2002, Trinity sent requests for proposals (RFPs) to various propeller manufacturers soliciting bids on custom-made propellers for Hulls T-024 and T-025. Teignbridge provided final quotes for each vessel in June 2002.  Subsequently, Trinity ordered the propellers necessary to outfit T-024 and T-025 from Teignbridge in July 2002.  Trinity had provided its customer for Hull No. T-024 a speed guarantee, however, at sea trials the yacht achieved speeds that were between half a knot and one knot less than the guaranteed speed.  In an effort to achieve the guaranteed speed, Trinity sent the Teignbridge propellers to Wild Cat Propellers for modification.  Even after modification, the vessel failed to perform to contract speed.  The vessel was nonetheless delivered to the customer.  Moreover, after sea trials for Hull No. T-025, Trinity alleges that the Teignbridge propellers caused vibrations and the vessel was also unable to meet contract speed.  Accordingly, Trinity replaced the propellers with those from a different manufacturer without considering Teignbridge's suggestions on how to minimize vibration on its propellers.

2

In January 2003, Teignbridge submitted a proposal for the tailshafts and propellers for Hull T-027.  In February 2003, Trinity submitted a purchase order to Teignbridge for Hull T-027's custom-built propellers.  Nonetheless, without ever testing the propellers, Trinity concluded that the propellers would pose the same problems as those propellers manufactured for Hulls T-024 and T-025.  Trinity has failed to pay for or return the propellers or associated equipment related to Hull T-027.

## II. PROCEDURAL BACKGROUND

Trinity filed this suit alleging numerous state law causes of action against Teignbridge and alleges damages and costs in connection with the repair and replacement of the propellers of no less than $236,282.29.  Teignbridge has also asserted a counterclaim for the unpaid purchase price of the propellers.

Not long after filing its answer and counterclaim, Teinbridge filed a motion to compel arbitration and stay the proceedings in this Court pending arbitration.  The Court denied the motion.  It found that the parties had entered into a contract to build, as opposed to a contract of sale, that Trinity's purchase orders constituted offers that were accepted by Teignbridge's performance, and that the arbitration clause was not incorporated into the contract between the parties.  (See Order and Reasons, Rec. Doc. 18).

## III. DISCUSSION

Teinbridge argues that Trinity has no cause of action against it for redhibition in light of the Court's finding that the contract at issue is a contract to build, as opposed to a contract of sale.  It thus seeks dismissal of Trinity's claims against it for redhibition.  Teinbridge cites *Mount Mariah Baptist Church, Inc. v. Pannell's Associated Electric, Inc.*, 36-361 (La. App. 2

3

Cir. 2002); 835 So.2d 880, in support of its position.  In that case, the Louisiana Second Circuit

Court of Appeal explained that "[c]oncepts of redhibition apply in the context of sales," not

building contracts.  *Id.* at 888.

Teinbridge further argues that Trinity's claim for the recovery of attorneys' fees must be

dismissed.  It contends that in Louisiana, the award of attorneys' fees is only recoverable by

statute or by contract.  It argues that since the redhibition articles (which provide for the award

of attorneys' fees in some cases), do not apply, and Trinity has not alleged a contractual basis for

the recovery of attorneys' fees, Trinity's claim for the recovery of attorneys' fees must be

dismissed.  Teinbridge supports its argument with the case of *Hageman v. Foreman,* 539 So.2d

678, 681 (La. App. 3 Cir. 1989), in which the Louisiana Third Circuit Court of Appeal held that

the redhibition articles did not govern that case because it was a contract to build and thus

attorneys' fees should not have been awarded in the absence of another statutory basis or a

contract calling for the award of attorneys' fees.

Because the Court has previously ruled that the contract at issue is a contract to build

rather than a contract of sale, the cases cited by Teinbridge are on point, and its arguments

appear to have merit.  Plaintiff has not filed an opposition demonstrating otherwise.

**ACCORDINGLY**,

**IT IS ORDERED** that **Teinbridge's Motion for Partial Summary Judgment (Rec.
Doc. 30)** is **GRANTED**.

New Orleans, Louisiana, this 10th day of July, 2006.

_____
Jay C. Zainey
United States District Judge

4